**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **NORBERTO MEDINA-RODRÍGUEZ**, <br>     Plaintiff, <br><br> v. <br><br> **CANÓVANAS PLAZA RIAL, ECONO RIAL, LLC** and **PANADERÍA Y REPOSTERÍA LA SEVILLANA, INC.**, <br>     Defendants. | Civil No. 17-1943 (BJM) |

**ORDER**

Norberto Medina Rodríguez ("Medina") brought this action against Canóvanas Plaza Rial, Econo Rial, LLC ("Econo"),[1] and Panadería y Repostería La Sevillana, Inc. ("La Sevillana") (collectively, "Defendants"), alleging unlawful discrimination in a place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"). Medina requests to be permitted to seek nominal damages from all defendants in the amount of $1.00. Docket No. ("Dkt.") 340. Medina claims that he is entitled to such damages under *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 209 L.Ed.2d 94 (2021). Defendants opposed. Dkt. 344. Medina then moved to strike Defendants' opposition. Dkt. 347. For the following reasons, Medina's request and his motion to strike are **DENIED**.

**DISCUSSION**

Solely for the purpose of ruling on the motion, I shall assume that Defendants have violated the ADA to Medina's detriment.

Defendants first claim that under *G v. Fay School*, 931 F.3d 1 (2019), Medina would not be entitled to seek compensatory damages. Assuming this were true, however, it would not affect Medina's ability to seek nominal damages. The Supreme Court draws distinctions between

---

[1] J Rial LLC is the successor corporation of Econo Rial, LLC. The proper party has been substituted. *See* Dkt. 248.

Case 3:17-cv-01943-BJM   Document 390   Filed 09/08/21   Page 2 of 4

Norberto Medina-Rodríguez v. Canóvanas Plaza Rial, Econo Rial, LLC & Panadería Y Repostería La Sevillana, Inc., Civ. No. 17-1943 (BJM)   2

nominal and compensatory damages throughout *Uzuegbunam v. Preczewski*. *See, e.g.*, 141 S.Ct. at 800 ("Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages."). Nominal damages clearly belong in their own category and are not a subcategory of compensatory damages.

However, as Defendants note, the statutes that cover the remedies and procedures available to Medina only contemplate preventative relief or relief through action taken by the Attorney General. *See* 42 U.S.C. § 12188; 42 U.S.C. § 2000a-3 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any [prohibited] act or practice . . . a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene . . . ."). *G v. Fay School* explicitly states that nominal damages do not fit into the taxonomy of preventive relief and that the enforcement provision applicable to Medina, 42 U.S.C. § 12188, "allows only forward-looking, injunctive relief." 931 F.3d at 11. Nominal damages may not be a subcategory of compensatory damages, but such damages are also not a subcategory of preventative relief. Medina therefore does not have any statutory grounds under which to recover nominal damages in this action.

Furthermore, this district and others have already considered this issue and denied similarly situated plaintiffs' claims. In deciding whether to grant leave to amend a complaint in *Rodriguez-Burgos v. Arcos Dorados Puerto Rico, LLC*, the court noted that the plaintiff "relies on *Uzuegbunam v. Preczewski* . . . [for his] argument that justice requires that he be allowed to

Case 3:17-cv-01943-BJM   Document 390   Filed 09/08/21   Page 3 of 4

Norberto Medina-Rodríguez v. Canóvanas Plaza Rial, Econo Rial, LLC & Panadería Y Repostería La Sevillana, Inc., Civ. No. 17-1943 (BJM)   3

seek nominal damages of $1." (D.P.R. Apr. 22, 2021) (slip copy at *2). However, the court stated that the plaintiff's reliance was "misplaced, as that case, which dealt with violations of the First Amendment of the Constitution, holds that a request for nominal damages satisfies the redressability element necessary for Article III standing, an issue separate from mootness." *Id*. Ultimately, the court denied the motion for leave to amend. *Id*. I agree that *Uzuegbunam v. Preczewski* is distinguishable from the present matter on the same grounds.

Moreover, the Central District of California has considered the same issue and come to the same conclusion. In *Whitaker v. Rodriguez*, the court held that *Uzuegbunam* is "not the change in the law that [the plaintiff] purports it to be." No. 2:20-CV-00494-RGK-KS, 2021 WL 3122400, at *2 (C.D. Cal. Apr. 19, 2021). The court noted that the plaintiff had seized upon dicta explaining "the historical basis for the ability of nominal damages to provide redress" in order to make the claim that the Supreme Court's reasoning suddenly opened the door to a claim for damages under the ADA. *Id*. The dicta referenced by the California court includes the statements "when a right is violated, that violation 'imports damage in the nature of it' and the 'party injured is entitled to a verdict for nominal damages.'" *Uzuegbunam*, 141 S.Ct. at 800 (quoting *Webb v. Portland Mfg. Co.*, 29 F.Cas. 506, 508 (No. 17,322) (CC Me. 1838). The court then said that the Ninth Circuit had already stated that damages are not recoverable under Title III of the ADA and denied the plaintiff's motion, declining to overrule precedent "especially when the facts of *Uzuegbunam* do not align with the facts here." *Id*. Though I do not read Medina's claim as one that would overrule First Circuit precedent, I do find the court's characterization of the above statements as dicta to be correct and similarly feel that the facts of *Uzuegbunam*, in which the plaintiffs sued their school for enforcing policies that violated their First Amendment rights, do not align with the facts in the present matter.

Case 3:17-cv-01943-BJM   Document 390   Filed 09/08/21   Page 4 of 4

Norberto Medina-Rodríguez v. Canóvanas Plaza Rial, Econo Rial, LLC & Panadería Y Repostería La Sevillana, Inc., Civ. No. 17-1943 (BJM)    4

Medina's point that future injustice may result if he cannot obtain a judgment despite (theoretically) commencing litigation with a valid claim is well-taken. Medina notes that if defendants can avoid attorney's fees by demonstrating that they have begun to comply with the ADA, then future plaintiffs could be discouraged from bringing such suits for fear that they might be stuck paying attorney's fees even if their claims are valid. It does appear that issues may arise if defendants are able to avoid all liability by beginning to comply with the ADA after someone sues them. Nevertheless, the law as it currently stands is clear: Medina cannot recover nominal damages in this context.

Medina additionally moves for leave to amend his complaint in line with his request to seek nominal damages if the present notice of intent is not sufficient as a matter of law for him to obtain nominal damages. Due to the reasons outlined above, I find that any amendment in line with Medina's request to seek nominal damages would be futile. As a result, Medina's movement for leave to amend his complaint is denied.

## CONCLUSION

For the above reasons, Medina's request to seek nominal damages is **DENIED**. Medina's motion to strike Defendants' opposition is **DENIED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 8th day of September 2021.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge